IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **Temple Pro Ventures Commercial, LP,** § § | | |
| *Plaintiff*, § § | | |
| v. § | Civil Action No. 6:21-cv-503 | |
| § | | |
| **Black Mountain Trailer LLC, and Nathan Snyder,** § § § | | |
| § | | |
| *Defendants.* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Temple Pro Ventures Commercial, LP ("Temple Pro") files this Original Complaint against Defendants Black Mountain Trailer LLC and Nathan Snyder. In support thereof, Plaintiff shows the Court the following:

### A.   NATURE OF CASE

1.   This is a diversity case arising from the breach of a commercial lease agreement between Temple Pro and Black Mountain Trailer LLC ("Black Mountain") and a corresponding commercial lease guaranty from Nathan Snyder. After entering into a lease and a guaranty with Defendants, and relying on the same, Temple Pro ordered and had performed approximately $124,737.00 worth of work to improve the leased property as required by the parties' agreements. After Temple Pro incurred this expense, Defendants failed to perform under the lease and guaranty. For example, Defendants failed to pay rent, expense reimbursements, and fees required under the parties' agreements. Despite notice of these deficiencies, Defendants refuse to comply with their obligations. Thus, Temple Pro brings this suit to enforce the parties' agreements and recover damages caused by Defendants' failure to abide by the parties' agreements.

## B.  PARTIES

2.  Plaintiff Temple Pro Ventures Commercial, LP is a Texas limited partnership and a citizen of the State of Texas for purposes of diversity.  The partners of Temple Pro Ventures Commercial, LP are Temple Pro Ventures Management, LLC, a Texas business entity, and Temple Pro Ventures Investments, LP, a Texas business entity.  The members of Temple Pro Ventures Management, LLC are Temple Pro Ventures Investments, LP and Temple Pro Ventures, L.C., a Texas business entity.  The partners of Temple Pro Ventures Investments, LP are Temple Pro Ventures, L.C. and the Derek K. Martin 1998 Trust, a Texas trust.  Temple Pro Ventures, L.C. is owned by Derek K. Martin.  The trustee of the Derek K Martin 1998 Trust is Derek K. Martin.  Derek K. Martin is a citizen and resident of the State of Texas and not a citizen of the State of Nevada.  Thus, Temple Pro Ventures Commercial, LP is a citizen of the State of Texas for diversity purposes.

3.  Defendant Black Mountain Trailer LLC ("Black Mountain") is a Nevada limited liability company and a citizen of the State of Nevada for purposes of diversity.  Black Mountain's principal place of business is 6109 Dean Martin Dr., Las Vegas, NV 89118-3837.  Black Mountain's members (Nicholas Skadberg, Samantha Snyder, and Nathan Snyder) are citizens of the State of Nevada and none are citizens of the State of Texas.  Black Mountain's registered agent for service is Nathan Snyder, whose registered address is 890 Harbor Ave., Henderson, NV 89002, and who may be served at that address or wherever he may be found.

4.  Defendant Nathan Snyder is an individual Nevada resident, a citizen of the State of Nevada, and not a citizen of the State of Texas.  Nathan Snyder may be served at his residence of 890 Harbor Ave., Henderson, NV 89002, or wherever he may be found.

## C. JURISDICTION & VENUE

5. This Court has diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332. The matter in controversy in this case exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

6. This Court has personal jurisdiction over Defendants. This suit arises out of and relates to Defendants' contact with a Texas limited partnership in order to lease real property located in Bell County, Texas and to sell trailers to customers located within the State of Texas.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because a substantial part of the events or omissions giving rise to the claims occurred in Bell County, Texas within this District.

## D. FACTS

8. Plaintiff is a real estate company that leases commercial property, including property located in Temple, Bell County, Texas.

9. Black Mountain is a trailer manufacturing company organized in the State of Nevada. Black Mountain's manager and registered agent is Nathan Snyder.

10. On or about December 7, 2020, Temple Pro, as landlord, and Black Mountain, as tenant, entered into a Commercial Lease (the "Lease") whereby, Temple Pro leased to Black Mountain the real property and improvements located at 4310 Lucius McCelvey Drive, Temple, Bell County, Texas (the "Property"). Nathan Snyder signed the Lease on behalf of Black Mountain. A true and correct copy of the Lease (with its attachments) is included as Exhibit 1 to this Complaint and is incorporated herein by reference.

11. Paragraph 3 of the Lease provided that the Term of the Lease was 60 months and 17 days, commencing on January 15, 2021 and ending on January 31, 2026. Ex. 1, p. 2.

12. Paragraph 4 of the Lease provided that Black Mountain was required to pay rent to Temple Pro as set forth in Exhibit A of the Lease. Ex. 1, pp. 3 and 16 (Exhibit A). As additional rent, Black Mountain was required to pay Expense Reimbursements, which were estimated to be an additional $2,805.00 per month. Ex. 1, pp. 3 and 21 (estimate of expenses). Paragraph 4 of the Lease also provided that Tenant would pay an additional 10% of any rent due for rent which was not received within 5 days after the date it was due. Ex. 1, p. 4.

13. Paragraph 20 of the Lease provides for 3 days' written notice to Black Mountain in the event of default. If Black Mountain fails to cure the default, Temple Pro may elect to "terminate Tenant's right to occupy the leased premises without terminating this lease and may accelerate all rents which are payable during the remainder of this lease or any renewal period." Ex. 1, p. 10. Paragraph 20 further provides that Black Mountain will be liable for the following in the event of default under the Lease: "(1) any lost rent; (2) Landlord's cost of reletting the leased premises, including brokerage fees, advertising fees, and other fees necessary to relet the leased premises; (3) repairs to the leased premises for use beyond normal wear and tear; (4) all Landlord's costs associated with eviction of Tenant, such as attorney's fees, court costs, and prejudgment interest; (5) all Landlord's costs associated with collection of rent such as collection fees, late charges, and returned check charges; (6) cost to remove any trash, debris, personal property, hazardous materials, or environmental contaminants left by Tenant or Tenant's employees, patrons, guests, or invitees in the leased premises or Property; (8) cost to replace any unreturned keys or access devices to the leased premises, parking areas, or Property; and (9) any other recovery to which Landlord may be entitled under this lease or under law." Ex. 1, p. 10.

14. Paragraph 30 of the Lease provides that "Any person who is a prevailing party in any legal proceeding brought under or related to the transaction described in this lease is entitled

to recover prejudgment interest, reasonable attorney's fees, and all other costs of litigation from the nonprevailing party." Ex. 1, p. 12.

15. Paragraph 36 of the Lease provides that the "laws of the State of Texas govern the interpretation, performance, and enforcement of this lease." Ex. 1, p. 14.

16. The Lease also included a Special Provisions Addendum, which required Temple Pro to make improvements to the Property prior to the start of the Lease's Term. Ex. 1, p. 17. The improvements included: "Any non-essential cord will be individually rolled and tied for storage above the ceiling grid, New 2x2 ceiling grid with insultation, New LED lighting, New HVAC system, Electric to be brought up to City code, to include Exit lighting and spotlighting, Walls will be painted a neutral grey color to accommodate the exterior of the building with white trim, Doors will be repaired or replaced and painted white, New door hardware, Vinyl, commercial grade floor covering with rubber base, Restroom plumbing to be brought up to City code." Ex. 1, p. 17.

17. The Special Provisions Addendum of the Lease also provided that rent which was not received by the fifth day of the month incurred a $10.00 per day penalty until received in full. Ex. 1, p. 17.

18. In connection with the Lease, Nathan Snyder signed a guaranty agreement titled Commercial Lease Guaranty (the "Guaranty") as a Guarantor of Black Mountain's performance under the Lease. Ex. 1, p. 25. Paragraph B of the Guaranty provides that if Black Mountain "fails to make any payment under the lease, Guarantors will promptly make such payment to Landlord at the place of payment specified in the lease." Ex. 1, p. 25. Paragraph D of the Guaranty provides that the Guaranty is to be enforced pursuant to the laws of the State of Texas and that a "prevailing party in any legal proceeding brought under or related to this guaranty is entitled to recover attorney's fees from the nonprevailing party." Ex. 1, p. 25.

19. Prior to the beginning of the Lease term, and in reliance on Defendants' representations under the Lease and Guaranty, Temple Pro made the improvements required in the Special Provisions Addendum. *See* Ex. 1, p. 17. Temple Pro incurred charges of approximately $124,737.00 to comply with the Special Provisions Addendum.

20. After Temple Pro performed and made improvements to the leased property, Black Mountain failed to comply with its obligations under the Lease.

21. Black Mountain failed to pay rent as required by the Lease.

22. Black Mountain failed to pay the Expense Reimbursement required by the Lease.

23. Temple Pro notified Defendants in writing that Black Mountain was in default under the Lease.

24. After written notice from Temple Pro, Black Mountain did not correct its breach of the Lease.

25. Despite the Guaranty and Notice of Black Mountain's breach of the Lease, Nathan Snyder has not paid the amounts due by Black Mountain under the Lease.

26. Defendants have failed to pay rent, expense reimbursements, and fees as required under the Lease and Guaranty since January 15, 2021.

27. Temple Pro suffered damages as a result of Black Mountain's default and breach of the Lease and Nathan Snyder's breach of the Guaranty as described herein and seeks all remedies available to it under the law.

### E. CLAIM 1 - BREACH OF CONTRACT – BLACK MOUNTAIN

28. Temple Pro incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

29. In addition to and in the alternative to any other claims asserted in this Complaint, Temple Pro asserts a claim against Black Mountain for breach of contract under the laws of the State of Texas.

30. On or about December 7, 2020, Temple Pro and Black Mountain executed the Lease.

31. The Lease is a valid and enforceable written contract.

32. The Lease provided that Black Mountain would pay Temple Pro rent as provided in Exhibit A of the Lease.

33. The Lease provided that Black Mountain would pay Temple Pro expense reimbursements.

34. The Lease provided that Black Mountain would pay Temple Pro late fees for rent not received by the fifth day after payment was due under the Lease.

35. Temple Pro fully performed its obligations under the Lease.

36. Black Mountain failed to pay rent as required under the Lease.

37. Black Mountain failed to pay expense reimbursements as required under the Lease.

38. Black Mountain failed to pay late fees as required under the Lease.

39. Black Mountain breached the Lease.

40. Black Mountain is (and has been) in default under the Lease.

41. Temple Pro provided written notice of Black Mountain's default and breach of the Lease.

42. Black Mountain's default and breach of the Lease caused injury and damages to Temple Pro.

43. Temple Pro seeks all remedies available to it under the Lease and the laws of the State of Texas from Black Mountain, including, but not limited to, all lost or past due rent and expense reimbursements under the Lease, acceleration of all rent and expense reimbursements due under the lease and payment of the same, payment for all reletting costs, payment of all late fees, attorney's fees, and costs.

### F. CLAIM 2 - BREACH OF CONTRACT – NATHAN SNYDER

44. Temple Pro incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

45. In addition to and in the alternative to any other claims asserted in this Complaint, Temple Pro asserts a claim against Nathan Snyder for breach of contract under the laws of the State of Texas.

46. On or about December 17, 2020, Nathan Snyder executed the Guaranty in connection with the Lease.

47. The Guaranty is a valid and enforceable written contract.

48. Paragraph B of the Guaranty provides that if Black Mountain "fails to make any payment under the lease, Guarantors will promptly make such payment to Landlord at the place of payment specified in the lease." Ex. 1, p. 25.

49. Black Mountain failed to make payments required under the Lease.

50. Nathan Snyder is responsible for all payments owed by Black Mountain to Temple Pro under the Lease.

51. Temple Pro notified Nathan Snyder of Black Mountain's failure to make payments and demanded payment from Nathan Snyder.

52. Nathan Snyder failed to make the payments to Temple Pro required under the Guaranty.

53. Nathan Snyder breached the Guaranty.

54. Nathan Snyder's breach of the Guaranty caused injury and damages to Temple Pro.

55. Temple Pro seeks all remedies available to it under the Lease and the laws of the State of Texas from Nathan Snyder, including, but not limited to, all lost or past due rent and expense reimbursements under the Lease and Guaranty, acceleration of all rent and expense reimbursements due under the Lease and Guaranty and payment of the same, payment for all reletting costs, payment of all late fees, attorney's fees, and costs.

### G.  CLAIM 3 - PROMISSORY ESTOPPEL – ALL DEFENDANTS

56. Temple Pro incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

57. In addition to and in the alternative to any other claims asserted in this Complaint, Temple Pro asserts a claim against Black Mountain and Nathan Snyder for promissory estoppel under the laws of the State of Texas.

58. Defendants both promised Temple Pro that the terms of the Lease would be carried out, including the payment of rent and expense reimbursements.

59. Temple Pro relied on Defendants' promises by performing the repairs required by the Special Provisions Addendum.

60. Temple Pro's reliance was both reasonable and substantial.

61. Defendants knew, or reasonably should have known, that Temple Pro would rely on their promises in performing the repairs provided in the Special Provisions Addendum.

62. Injustice to Temple Pro can be avoided only if Defendants' promises under the Lease and the Guaranty are enforced.

63. Temple Pro's reliance on Defendants' promises resulted in injury to Temple Pro, including approximately $124,737 in expenses to prepare the Property as required under the Lease.

64. Temple Pro seeks all remedies available to it under the Lease and the laws of the State of Texas from Defendants, including, but not limited to, reimbursement of the $124,737 of expenses incurred in reliance on Defendants' promises.

### H. ATTORNEYS' FEES

65. Temple Pro is entitled to recover attorneys' fees from Defendants under Paragraph 30 of the Lease and Paragraph D of the Guaranty. Ex. 1, pp. 12, 25. Additionally and in the alternative, Temple Pro is entitled to recover attorneys' fees from Defendants under Texas Civil Practice and Remedies Code § 38.001(8).

### I. PREREQUISITES AND CONDITION PRECEDENTS

66. Temple Pro has satisfied any and all prerequisites and conditions precedent prior to bringing this civil action.

### J. REQUEST FOR RELIEF

Temple Pro respectfully requests that Defendants be cited to appear and answer herein and upon final trial, Temple Pro receive judgment against Defendants jointly and severally for the following:

a) actual damages available under the laws of the State of Texas and as provided by the Lease and Guaranty;

b) attorneys' fees, expenses, and cost of suit;

c) pre-judgment and post-judgment interest as provided by law; and

d) such further relief to which Temple Pro may be justly entitled, either at law or at equity.

| | |
|---|---|
| Date:  May 18, 2021 | Respectfully submitted, |

_____
Anthony K. Bruster
Texas Bar No. 24036280
akbruster@brusterpllc.com
Shawn A. Latchford
Texas State Bar No. 24066603
shawn@brusterpllc.com
BRUSTER PLLC
680 N. Carroll Ave., Suite 110
Southlake, Texas 76092
Telephone: (817) 601-9564
Facsimile: (817) 796-2929

*Counsel for Plaintiff*
*Temple Pro Ventures Commercial LP*