IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **TEMPLE PRO VENTURES COMMERCIAL, LP,** § | | |
| *Plaintiff,* § | | W-21-CV-00503-ADA-DTG |
| § | | |
| v. § | | |
| § | | |
| **BLACK MOUNTAIN TRAILER LLC,** § | | |
| **NATHAN SNYDER,** § | | |
| *Defendants.* § | | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D. ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff's Motion for Entry of Default Judgment (ECF No. 11). For the following reasons, the Court **RECOMMENDS** that Plaintiff's Motion be **GRANTED** and judgment be entered.

### I.   FACTUAL BACKGROUND

Plaintiff filed its complaint in the instant case on May 18, 2021, alleging a breach of the Commercial Lease Agreement between Plaintiff and Defendant Black Mountain Trailer LLC. ECF No. 1. Defendant Nathan Snyder guaranteed the lease agreement. Plaintiff alleges that "Black Mountain Trailer LLC breached the lease agreement and Nathan Snyder refused to comply with his guarantee." ECF No. 11 at 1.

1

A licensed process server personally served Defendants on May 21, 2021. *See* ECF No. 6; ECF No. 7. To date, Defendants have not filed an answer.

Plaintiff filed a Motion for Entry of Default (ECF No. 8) on June 25, 2021. The clerk entered default as to both Nathan Snyder and Black Mountain Trailer LLC on August 27, 2021. ECF No. 9; ECF No. 10. Plaintiff now requests that the Court enter a default judgment against both Defendants. ECF No. 11.

## II.     DISCUSSION

Federal Rule of Civil Procedure 55 governs default judgment. Rule 55 sets out a three-step process by which a party obtains default judgment: (1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant defaults, the plaintiff must file a motion for entry of default and the clerk enters default. Fed. R. Civ. P. 55(a). Then, upon the plaintiff's motion, the Court may enter a default judgment against the defendant. Fed. R. Civ. P. 55(b). Both Defendants have defaulted and Plaintiff has obtained an entry of default. Therefore, the only remaining issue for determination is whether a default judgment is warranted. Entry of default judgment is within the Court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The Court will not grant default judgment automatically, and must instead analyze whether Plaintiff's claims are well-pled, whether plaintiff's claims are substantively meritorious and default judgment appears appropriate, and whether the requested relief is proper.

### a.     **Plaintiff's claims are substantively meritorious.**

The Court must determine whether Plaintiff's claims are well-pled and substantively meritorious. *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490 (5th Cir. 2015). The Court may assume the truth of all well-pled allegations in the plaintiff's complaint because all defaulting

2

defendants functionally admit well-pled allegations of fact. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Plaintiff asserts claims of breach of contract and promissory estoppel. ECF No. 1. Plaintiff alleges that Defendant Black Mountain failed to comply with its obligations under the lease by failing to pay rent and failing to pay the Expense Reimbursement required by the lease. ECF No. 1 at 6. Plaintiff alleges that Plaintiff provided written notice of the default to Defendants, but that Defendant Black Mountain did not correct its breach of the lease and Defendant Nathan Snyder, Black Mountain's guarantor of the lease, has not paid the amounts due by Black Mountain under the lease. ECF No. 1 at 6. Plaintiff alleges that "Defendants have failed to pay rent, expense reimbursements, and fees as required under the Lease and Guaranty since January 15, 2021" and that Plaintiff has suffered damages as a result. ECF No. 1 at 6. Plaintiff's allegations are also supported by the May 13, 2022 testimony of Derek Martin, Vice President of Temple Pro Ventures Management LLC, which is the general partner of Temple Pro Ventures Commercial LP.

It is well-settled that a defaulting party to a contract may be held liable for breach of contract. The Court finds that Plaintiff's claims are well-pled and substantively meritorious.

b. **Default judgment is proper.**

Entry of default judgment is appropriate in this case. The record indicates that Plaintiff successfully perfected service of process on both defendants. ECF No. 6; ECF No. 7. Yet, Defendants have failed to respond to the Complaint, the Motion for Entry of Default, and the present motion. Defendants' default does not appear to be caused by any good faith mistake or excusable neglect. When the defendant's failure to respond is "plainly willful, as reflected by [the defendant's] failure to respond either to the summons and complaint, the entry of default, or the motion for default," then grounds for default are clearly established. *See Graham v. Coconut LLC*,

No. 4:16-cv-606, 2017 WL 2600318 at *1 (E.D. Tex. June 15, 2017). Further, the Court has personal jurisdiction over both Defendants as a result of their contact with a Texas limited partnership in order to lease real property located in Bell County, Texas. *See* ECF No. 1 at 3. Entry of default judgment is therefore appropriate.

        **c.**     **Plaintiff's requested relief is appropriate.**

Plaintiff's claims and the amount of Plaintiff's damages are supported by the evidence on file with its Motion for Entry of Default Judgment and the testimony offered at the default judgment hearing. *See* ECF No. 11; ECF No. 15. Plaintiff seeks a judgment in the amount of $124,737.00, "the amount Plaintiff spent in reliance on Defendants' promises under the Commercial Lease Agreement." On May 13, 2022, the Court conducted a default judgment hearing via Zoom. Neither Defendant appeared either personally or through counsel. Plaintiff offered the testimony of Derek Martin, Vice President of the general partner of Plaintiff Temple Pro Ventures Commercial LP. Mr. Martin signed the Commercial Lease Agreement on behalf of Plaintiff. Mr. Martin testified that under the lease, Plaintiff agreed to perform repairs and improvements to the property being leased. Plaintiff was required to make these improvements prior to the lease commencement and at Plaintiff's expense. ECF No. 1-1 at 17. These required improvements include:

- Any non-essential cord will be individually rolled and tied for storage above the ceiling grid;
- New 2x2 ceiling grid with insulation;
- New LED lighting;
- New HVAC system;
- Electric to be brought up to city code, to include exit lighting and spotlighting;
- Walls will be painted a neutral grey color to accommodate the exterior of the building with white trim;
- Doors will be repaired or replaced and painted white;
- New door hardware;
- Vinyl, commercial grade floor covering with rubber base; and
- Restroom plumbing to be brought up to City code.

*Id.* Mr. Martin testified that Plaintiff made these improvements in reliance on Defendants' representations and promises made in the Commercial Lease, and that the improvements cost Plaintiff approximately $124,737.00. After Plaintiff made these improvements, Defendant breached the Lease. Mr. Martin testified that Plaintiff provided Defendants with notice of the breach, but to date Defendants have not cured the breach and paid rent.

Plaintiff spent $124,737.00 making the required improvements under the lease. Plaintiff requests an appropriate amount of damages—the $124,737.00 that Plaintiff spent in reliance on Defendants' representations and promises. The Court finds that Plaintiff's requested relief is proper.

### III.   RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Plaintiff's Motion for Entry of Default Judgment be **GRANTED** and final judgment be entered against all Defendants jointly and severally in the amount of $124,737.00 with post judgment interest at a rate of 1.98%.

### IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and

recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 16th day of May, 2022.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE